In the Matter of George Vincent
**LaTONA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 71-1503.

United States Court of Appeals,
Eighth Circuit.

Oct. 1, 1971.

---

Daniel J. Matula, Kansas City, Mo., for appellant.

Michael A. DeFeo, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

George Vincent LaTona refused to testify before a federal grand jury investigating gambling activities in Kansas City, Missouri, after the government had granted him "transactional" immunity from prosecution pursuant to the provisions of 18 U.S.C. § 2514. The district court cited LaTona for civil contempt and committed him to the custody of the United States Marshal until he should purge himself of contempt by asnwering questions propounded to him by the grand jury.[1] In this appeal, which we have expedited, LaTona challenges the constitutionality of § 2514. After considering the briefs and arguments of counsel, we affirmed from the bench, subject to our filing of this opinion.

LaTona contends that § 2514 is unconstitutional because it does not afford him immunity coextensive with all of the constitutional protections guaranteed by the Fifth Amendment. LaTona ties his attack to the due process clause, rather than the self-incrimination clause, of the Fifth Amendment. He asserts that he faces the risk of death

---

1. The sentence provides that LaTona shall be held in custody until he purges himself of contempt, but in no event shall he be held in custody in excess of eighteen months.

should he testify before the grand jury [2] and that the government's grant of immunity from prosecution will not protect him from underworld reprisals. Thus, according to LaTona, he will be deprived of "life, liberty or property without due process of law" in violation of the Fifth Amendment should he be required to testify before the grand jury pursuant to the provisions of § 2514.

We reject this argument. The concept of due process does not encompass the privilege of a witness not to testify because of fear of reprisals. In an analogous context, the Supreme Court has rejected a similar contention. Piemonte v. United States, 367 U.S. 556, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961).

In that case, the petitioner, who had been convicted of criminal contempt, advanced the following explanation for refusing to testify:

> Well, I am doing time in the penitentiary. I fear for by life. I fear for the life of my wife, my two stepchildren, and my family. I can't do something like that. I want to live, too. [367 U.S. at 559, 81 S.Ct. at 1722]

The Court responded:

> Neither before the Court of Appeals nor here was fear for himself or his family urged by Piemonte as a valid excuse from testifying. Nor would this be a legal excuse. Every citizen of course owes to his society the duty of giving testimony to aid in the enforcement of the law. See Brown v. Walker, 161 U.S. 591, 600 [16 S.Ct. 644, 40 L.Ed. 819]. Lord Chancellor Hardwicke's pithy phrase cannot be too often recalled: "[T]he public has a right to every man's evidence."
> * * *
> If two persons witness an offense —one being an innocent bystander and the other an accomplice who is thereafter imprisoned for his participation—the latter has no more right to keep silent than the former. The Government of course has an obligation to protect its citizens from harm. But fear of reprisal offers an immunized prisoner no more dispensation from testifying than it does any innocent bystander without a record. [367 U.S. at 559 n. 2, 81 S.Ct. at 1722.]

We deem this principle to be dispositive of the issue presented here.

Affirmed.

---

**2.** A witness who testified at a prior grand jury investigation into similar matters in Kansas City was murdered shortly after he testified. LaTona asserts that he will suffer the same fate if he testifies.