**UNITED STATES of America**
**v.**
**John DOE (two cases).**
**Appeal of Marilyn ALPEREN.**
**Appeal of Robert ALPEREN.**
**Nos. 73–1062, 73–1063.**

United States Court of Appeals,
First Circuit.
April 4, 1973.

Barry H. Gerstein and Gerstein & Weiner, Boston, Mass., on brief, for appellants.

Edward F. Harrington, New Bedford, Mass., Attorney-in-Charge, and George F. Kelly, Sp. Atty., U. S. Dept. of Justice, on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

During the spring of 1971 a court-authorized tap was placed on the telephone line going to a house occupied by Robert and Marilyn Alperen, husband and wife, pursuant to 18 U.S.C. § 2510 et seq. Conversations of the wife indicating that gambling activities were being conducted from the house were overheard. In due course the husband and wife were summoned to appear before a federal grand jury. Upon their being asked essentially duplicative questions, both claimed self-incrimination and invoked the Fifth Amendment. Immunity was thereupon offered to them under 18 U.S.C. § 2514. When the questions were re-put, both again refused to testify, invoking, *inter alia,* the husband-wife privilege against testifying against the other, the only issue now raised. Upon their insistence in this court, they were adjudicated in contempt, and from that order they appeal. Pending our resolution of the appeals, they have been admitted to bail.

Although the seeming drift of the questions makes this case perhaps a clearer one for the invocation of the privilege than might be some others, *cf.* United States v. George, 6 Cir., 1971, 444 F.2d 310, it must be apparent that if appellants' position is to be sustained, it would seem seriously to frustrate both the federal, and the state, Mass.G.L. c. 233 § 20C et seq., procedures whereby testimony thought worth the cost may be obtained by offering the witness immunity from criminal prosecution.

Section 2514 provides in part,

"No such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled . . . to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding . . . against him in any court."

This statute does not, of course, grant immunity to anyone, including a spouse, other than the witness himself. The government seeks to remedy that objection, so far as the present case is concerned, by saying that it has no interest in either spouse, and supports its position by its conduct offering the statutory immunity to both. To this appellants counter,

"If one of the Alperens continues to refuse to testify before the Grand Jury, then he or she will have no immunity."

The privilege not to testify against a spouse is a common law, and not a constitutional one. It is particularly an area where the court may introduce desirable changes. Funk v. United States, 1933, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369; Wyatt v. United States, 1960, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931. Just as the Fifth Amendment cannot be claimed when the testimony is merely personally unpalatable (nor can immunity be claimed on that basis, LaTona v. United States, 8 Cir., 1971, 449 F.2d 121) we hold that it would not merely be misapplication of the privilege, but an unwarranted extension, to allow either spouse to invoke it when both are immunized from prosecution and are asked questions about the same transaction.

The orders holding appellants in contempt are affirmed.