**In re GRAND JURY PROCEEDINGS.**

**Richard Stanley TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 75–1265.**

United States Court of Appeals, Fifth Circuit.

March 5, 1975.

James M. McEwen, Tampa, Fla., Daniel S. Pearson, Miami, Fla., for appellant.

D. Frank Winkles, Claude H. Tison, Jr., Asst. U. S. Attys., Tampa, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Pursuant to the provisions of 28 U.S. C.A. § 1826(b), Taylor appeals from an order adjudging him in civil contempt for his refusal to testify before a federal grand jury. He was ordered confined until such time as he testified, limited however to the remaining life of the grand jury, or eighteen months, whichever first occurred. We affirm.

In December 1973, Taylor was arrested in possession of $1,000,000 in counterfeit money. He was subsequently indicted by a federal grand jury and charged with intent to defraud by passing three counterfeit twenty dollar bills. He pled guilty to one count and was given an indeterminate sentence under the Youth Corrections Act. At that time it was made known to the Court through the Probation Officer's pre-sentence report that Taylor had refused to cooperate and testify for the Government. Four months later further execution of the sentence was suspended and Taylor was placed on probation for three years.

On January 19, 1975, Taylor was subpoenaed to appear before the Federal Grand Jury in Tampa, Florida and was given use immunity[1] for the purpose of obtaining his testimony about his transactions in counterfeit money. Taylor's motion to quash the subpoena was denied, his objections to the grant of use immunity were overruled, and he was asked a series of questions concerning these transactions before the grand jury. He refused to answer on the grounds that (1) he feared reprisals from those against whom the information was sought; (2) he was either put in double jeopardy or the Government was estopped from attempting to elicit the same information that he had previously refused to furnish and which had led to an enhancement of his criminal sentence; and (3) the use immunity granted was not coextensive with the scope of the privilege against self incrimination, because the immunity order failed to protect Taylor from the use of the compelled testimony in a prosecution for prior perjury or giving a false statement. We address these contentions seriatim.

The Government does not concede that Taylor is in actual danger but admits that his fears may not be unjustified. Seizing upon this and dicta in Widger v. United States, 5 Cir. 1957, 244 F.2d 103, 106, that "[a] Court would not lightly require a witness to testify if it were convinced that death or serious bodily harm would ensue therefrom," Taylor urges that he may not be deprived of his liberty because he asserts fear as an excuse for not testifying. We disagree. Widger held no more than that a witness cannot be summarily held in criminal contempt for refusing, on the ground of fear, to testify before a petit jury.

We align ourselves with the Eighth Circuit's reasoning in an analogous situation in which the court held that "[t]he concept of due process does not encompass the privilege of a witness not to testify because of fear of reprisals." LaTona v. United States, 8 Cir. 1971, 449 F.2d 121, 122. The First Circuit recognized and accepted LaTona as correct in United States v. Doe, 1 Cir. 1973, 478 F.2d 194. See also Piemonte v. United States, 1961, 367 U.S. 556, 559, n. 2, 81 S.Ct. 1720, 6 L.Ed.2d 1028. We find no denial of due process.

Taylor next argues that, in violation of the double jeopardy clause of the

1. 18 U.S.C.A. § 6002, under which immunity was granted, provides in pertinent part:

[N]o testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

Fifth Amendment, the Government is seeking a second time to have him incarcerated for identical recalcitrance as a witness, in that it sought before the sentencing court in 1974 to enhance his punishment because he refused to testify against certain persons, and again in these proceedings seeks to have him punished as a result of his refusal to testify against these same persons. This argument is both novel and unpersuasive.

■ There is simply nothing in the record to indicate that the Government made known or argued Taylor's recalcitrance, and there is no showing that the sentencing court took this into consideration. On the contrary, the sentencing court gave Taylor "the best break" it could and, instead of enhancing sentence to a maximum of 15 years, mitigated it by utilizing the powers of the Youth Corrections Act. Of course, it would have been entirely improper for the court to give Taylor's refusal to cooperate with the Government any weight in imposing sentence, United States v. Rogers, 5 Cir. 1974, 504 F.2d 1079, 1084–85. Taylor's present dilemma does not arise from the crime for which he was previously tried but from his present recalcitrance and failure to comply with a valid order. This situation does not give rise to a claim of double jeopardy or estoppel.

■ Finally, relying on In Re Baldinger, C.D.Cal.1973, 356 F.Supp. 153, Taylor complains that the immunity granted him does not preclude a prosecution for perjury or giving a false statement if either antedated the compelled testimony. Thus it follows, he argues, that the immunity order is not coextensive with the scope of the privilege against self incrimination.

In *Baldinger,* the district court held that the statute could not constitutionally authorize a grant of immunity to a witness who had made a previous false statement to federal investigators about the same matters which were then being inquired into since the exceptions in the statute would authorize the use of the witness' compelled testimony in a prosecution under 18 U.S.C.A. § 1001 based upon the previous statement. We reject this view as did the Ninth Circuit in United States v. Alter, 9 Cir. 1973, 482 F.2d 1016. There Alter argued that the exception built into section 6002 exposed him to potential prosecution if the statement he had given to the F.B.I. the year before his grand jury appearance should prove to be false. The court found that Alter's "fear is unfounded, and his constitutional attack fails."

Section 6002 provides that a grand jury witness given use and derivative use immunity cannot rely on his privilege against self-incrimination to refuse to testify,

> "but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, *except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."* (Emphasis added.)

We accept the Government's construction of section 6002 as it applies to Alter:

> "[T]he phrase beginning with 'or otherwise' as italicized above, modifies the meaning of the preceding quoted phrase beginning with 'except.' The concluding phrase indicates that the compelled testimony may be used in prosecutions for giving false statements in response to the command to testify. But for the 'exception' quoted here, all testimony given in compliance with the command to testify cannot be used, as proscribed under the preceding language of the immunity grant. . . . [T]he testimony which appellant might have given could not be used against him in any prosecution for any false statements made to anyone outside of the grand jury."

Kastigar v. United States (1972) 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 buttresses this conclusion.

*Id.* at 1028.

We conclude that the grant of immunity to Taylor preserves his Fifth Amendment privilege and precludes the Government from using his compelled testimony against him unless he commits perjury before the grand jury or otherwise fails to comply with the immunity order. Fear of reprisal is a legally insufficient ground for refusal to testify. Taylor's claim of double jeopardy or estoppel is without merit.

The order of the district court committing Taylor for civil contempt is affirmed. The mandate shall issue forthwith.