**In re GRAND JURY PROCEEDINGS.**

**Michael C. LAHEY, Witness–Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 90–16085.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 31, 1990.*

Decided Sept. 20, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Ian G. Loveseth, Loveseth and Loveseth, San Francisco, Cal., for witness-appellant.

Robert Twiss, Asst. U.S. Atty., Sacramento, Cal., for appellee.

Before WALLACE, THOMPSON and FERNANDEZ, Circuit Judges.

## PER CURIAM:

Michael C. Lahey (appellant) appeals the district court's judgment holding him in civil contempt and ordering him incarcerated for refusing to testify before the grand jury. He contends that his refusal to testify is justified by his fear that he or his family will be harmed if he testifies. He argues that his subjective fears of retaliation are objectively reasonable because the government violated secrecy requirements of Fed.R.Crim.P. 6(e) and committed prosecutorial misconduct by disclosing his status as a grand jury witness to others. We affirm.

## BACKGROUND

On January 26, 1989, appellant pleaded guilty to one count of possession of cocaine with intent to distribute. The district court sentenced him to 87 months incarceration on May 17, 1989.

On April 25, 1990, appellant was subpoenaed to testify before a grand jury. Upon appearance before the grand jury, he asserted his fifth amendment privilege against self incrimination and refused to testify. A compulsion order, signed by the district judge, was obtained by the government on June 1, 1990. At his next appearance before the grand jury, appellant again refused to answer questions. The government applied for an order of contempt which was subsequently granted by the district court. The district ordered appellant incarcerated and further ordered that the 87 month sentence was interrupted by the incarceration. On August 1, 1990, he filed a timely notice of appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1826.

■ We review the district court's finding of contempt for abuse of discretion. *In re Grand Jury Proceedings (Doe)*, 801 F.2d 1164, 1167 (9th Cir.1986) (per curiam).

## DISCUSSION

Appellant contends that his refusal to testify before the grand jury is justified, because (1) he received written threats at his home against himself and his family after he made his first appearance before an earlier grand jury, (2) other individuals saw him when he was called before that earlier grand jury, (3) another state's witness, who testified against him, was shot in front of the witness' own home, and (4) two of appellant's former associates were murdered during a robbery. He believes that if he testifies he and his family members' lives will be endangered.

Appellant further argues that his case is different from the usual allegation of danger and that his subjective fears of retaliation are objectively reasonable, because prior to appearing before this grand jury the government disclosed his status as a grand jury witness to the general prison population. He alleges that the government effected this disclosure by telling him to report to the processing unit for outgoing prisoners, by transferring him to other prison facilities, by placing him in holding facilities separate from the sentenced prisoners and by handing defense counsel court documents bearing his name in the presence of another defense attorney who "was likely" to have seen his name on the document. Based on the above incidents, he argues that the government violated secrecy requirements of Fed.R.Crim.P. 6(e) and committed prosecutorial misconduct, despite the fact that it never actually published the fact that he had been called before the grand jury to anyone.

██ At bottom, appellant's argument rests on the assumption that if any member of the public somehow discovers that he has been called as a grand jury witness, the government has violated the law. More particularly, he seems to believe that if anything occurs from which someone might infer that he is a grand jury witness, the secrecy of the grand jury has been compromised and he can avoid testifying. Essentially, he suggests that he must be quietly spirited away from where he is, and then kept in seclusion until the government can clandestinely bring him into the grand jury room. Absent that, he asserts, he can refuse to testify at all, because if he is seen or if the fact that he has been called becomes known, or bruited about, he will be in danger.

That is not the law; nor should it be. Any such requirement would impose unnecessary, and inappropriate, restrictions upon the functioning of the grand jury process. Appellant must show much more, if he hopes to avoid giving the testimony that the grand jury otherwise has the right to demand of him.

██ While no one can countenance the wanton violation of grand jury secrecy, the idea that once somebody knows that a witness has been called, the grand jury shall be deprived of the witness' testimony is something of a non sequiter. If the very fact of being called causes the injury, then that injury will obtain even if the person does not testify or gives no helpful information.

██ That is not to say that the government is free to publish lists of prospective or former grand jury witnesses. It is not. *See United States v. Dozier*, 672 F.2d 531, 544–45 (5th Cir.) (announcing names of prospective grand jury witnesses to the public is forbidden), *cert. denied*, 459 U.S. 943, 103 S.Ct. 256, 74 L.Ed.2d 200 (1982); *In re Grand Jury Investigation (Lance)*, 610 F.2d 202, 216–17 (5th Cir.1980) (release of information of what has occurred or will occur before the grand jury is improper); *United States v. Bazzano*, 570 F.2d 1120, 1125–26 (3d Cir.1977) (after the fact disclosure of identity and testimony of one grand jury witness to another grand jury witness is improper), *cert. denied*, 436 U.S. 917, 98 S.Ct. 2261, 2262, 56 L.Ed.2d 757 (1978). Nevertheless, the usual penalty for secrecy violations has been the imposition of contempt sanctions against the government. Thus, in *In re Grand Jury Investigation (Lance)*, 610 F.2d at 219, the government actually released witnesses' names to the media. Even so, the court declared that a contempt citation would usually be adequate and that a person would bear a heavy burden if he sought to quash the subpoena. *See United States v. Eisenberg*, 711 F.2d 959 (11th Cir.1983); *In re Grand Jury Subpoenas, April, 1978*, 581 F.2d 1103 (4th Cir.1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979).

██ It is, of course, true that if the witness can show "just cause" for not testifying, the district court should not order his incarceration. 28 U.S.C. § 1826. It is also true that the Tenth Circuit has held that if an unauthorized person is present during the grand jury testimony of a witness, that witness has just cause to refuse

to testify. *In re Grand Jury Proceedings (Mallory)*, 797 F.2d 906, 907 (10th Cir. 1986). We need not pass on that issue because the holding is a far cry from the rule that appellant seeks to have us establish today. It must be acknowledged that the facts of *Mallory* suggest that it stands for the proposition that news coverage of a person's appearance before the grand jury would permit a district court to find "just cause," but, even if that were so, it is not this case.

■ More importantly, appellant's claim (perhaps, also, *Mallory* ) is contrary to the principles enunciated in *Dupuy v. United States*, 518 F.2d 1295 (9th Cir.1975) (per curiam). In that case, the appellant declared that "his life would be endangered by his fellow prisoners if he testified...." *Id.* He claimed that was just cause for his refusal. We responded:

> No federal court in a reported decision has held that fear of retaliation is sufficient reason to refuse to testify. To do so in this case would mean that virtually every prisoner in the United States, and many millions of people at large, would be freed of the duty to appear and testify before a grand jury. We choose to follow the reported decisions of those courts which have already held that fear of physical harm does not excuse a witness from testifying. *United States v. Doe*, 478 F.2d 194 (1st Cir.1973); *In re Kilgo*, 484 F.2d 1215 (4th Cir.1973); *In re Grand Jury Proceedings*, 509 F.2d 1349 (5th Cir.1975); *La Tona v. United States*, 449 F.2d 121 (8th Cir.1971).

*Id. Accord In re Grand Jury Proceedings (Lowry)*, 713 F.2d 616, 617 n. 1 (11th Cir. 1983) (per curiam).

Reflection shows that the rule must be such. Were it otherwise, any person involved with a criminal enterprise could point to the possible danger that comes from giving testimony. The more vicious or sophisticated the enterprise, the greater the danger. Thus, grand juries would be deprived of information when they most needed it. Yet, what appellant's position comes to can be no more than he may be in danger if people can infer that he was called before the grand jury. That fear is not enough.

This is not to say that there could never be a case where the actions of the government were so egregious that a court would be justified in finding just cause to quash a subpoena. We do not now decide that issue, for giving full credence to appellant's assertions, it is clear that this is not that case.

We do not look upon appellant's plight with insouciance. It is a plight faced by many witnesses before grand juries and before the courts. Nevertheless, we cannot say that his plight should deprive the grand jury of needed testimony.

AFFIRMED.