PER CURIAM.
Reversed and remanded for a new trial. We agree with appellant that the trial court erred in excluding the testimony of a witness that the appellant’s codefend-ant had confessed to actually shooting the victim.
The codefendant was the main prosecution witness against appellant in this murder-robbery prosecution. The codefendant had entered into a plea bargain with the state, whereby he agreed to testify against appellant in exchange for the state dropping murder charges against him. The witness was a cell mate of the codefendant who upon being called as a witness expressed concern for his personal safety. The witness did not attempt to invoke any right not to testify because his testimony might tend to incriminate him. Indeed, he was not involved in the crime being tried.
Contrary to the trial court’s ruling of exclusion, the witness did not, and under the circumstances reflected in the record could not, properly assert a constitutional right not to testify because of fear for his personal safety. See United States v. Zappola, 646 F.2d 48, 53 (2d Cir.1981), cert. denied, 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982); LaTona v. United States, 449 F.2d 121 (8th Cir.1971). In addition, the witness apparently waived any other possible right to refuse to testify by giving a sworn deposition. Love v. State, 438 So.2d 142, 144 (Fla. 3d DCA 1983). In short, there are no circumstances reflected in the record that would justify excusing the witness.
Because of the obvious importance of the witness’ testimony to the appellant’s defense, we cannot hold the exclusion of such testimony to be harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
ANSTEAD, HERSEY and GARRETT, JJ., concur.