990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric A. HERNANDEZ-PELLOT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael MONTOYA-VERDUGO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Refino Armenta SANDOVAL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Garza OJEDA, Defendant-Appellant.
 Nos. 91-10532, 91-10536 to 91-10538.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided March 25, 1993.
 
 Before: NORRIS, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Ojeda, Refino Sandoval and Rafael Montoya-Verdugo appeal their convictions for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Eric Hernandez-Pellot appeals his conviction for contempt, in violation of 18 U.S.C. § 401, and his sentences for that offense and for conspiracy to possess with intent to distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Hernandez-Pellot's and Sandoval's convictions and Hernandez-Pellot's sentence for conspiracy. We reverse and remand Ojeda's and Montoya-Verdugo's convictions. We vacate and remand Hernandez-Pellot's sentence for contempt.
 
 
 3
 * Hernandez-Pellot negotiated for the sale of cocaine to a Drug Enforcement Administration (DEA) agent. Hernandez-Pellot used Ojeda's car to pick up the cocaine. DEA agents followed the car and observed meetings among Ojeda, Hernandez-Pellot and Sandoval. The car returned carrying Hernandez-Pellot, Montoya-Verdugo and Sandoval. Hernandez-Pellot and Sandoval conducted the transaction, while Montoya-Verdugo walked nearby. They were arrested at the scene. Ojeda was arrested at his home after fleeing from officers as they approached him.
 
 
 4
 After pleading guilty, Hernandez-Pellot testified that Ojeda and Montoya-Verdugo were not involved in the conspiracy. At trial, the government sought to compel Hernandez-Pellot's testimony. Hernandez-Pellot refused even though he had waived his Fifth Amendment privilege against self-incrimination and had been granted use immunity from prosecution by the federal and state governments. The court ordered him to testify and cited him for criminal contempt. Hernandez-Pellot never testified and was convicted of contempt.
 
 II
 
 5
 Ojeda and Montoya-Verdugo contend that, under the against penal interest or residual exceptions to the hearsay rule, the district court should have admitted into evidence Hernandez-Pellot's sworn statements that exonerated Ojeda and Montoya-Verdugo. The government argues the statements were not against Hernandez-Pellot's penal interest and were not sufficiently trustworthy. We review the district court's decision for an abuse of discretion. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Because the exculpatory statements did not "solidly inculpate" Hernandez-Pellot, we agree the statements were not against his penal interest. United States v. Magna-Olvera, 917 F.2d 401, 407 (9th Cir.1990).
 
 
 6
 We hold, however, that Hernandez-Pellot's exculpatory statements should have been admitted under under the residual hearsay exception, Fed.R.Evid. 804(b)(5). The circumstances provided adequate assurance of their trustworthiness. Id. Most importantly, Hernandez-Pellot had nothing to gain and much to lose by falsely exonerating Ojeda and Montoya-Verdugo. Hernandez-Pellot had admitted guilt, and through his statements he did not attempt to curry favor or shift blame. By perjuring himself, he not only risked additional prosecution, but also a more severe sentence on the original crime. See U.S.S.G. § 3C1.1 (Nov.1990); United States v. Dunnigan, No. 91-1300 (U.S. February 23, 1993). Further, Hernandez-Pellot's statements were consistent with the testimony of Montoya-Verdugo, Ojeda and Ojeda's mother, and were not contradicted by the government's evidence. Because Hernandez-Pellot was a conspirator and had every reason to tell the truth, the exculpatory statements were more probative on the question of Ojeda's and Montoya-Verdugo's guilt than any other evidence reasonably available. Fed.R.Evid. 804(b)(5). In sum, we think the interests of justice would have been best served had the jury been able to consider this crucial testimony. Id. Because we do not believe this error was harmless, we reverse the convictions of Ojeda and Montoya-Verdugo. Because we reverse their convictions, we do not reach issues raised by Ojeda and Montoya-Verdugo concerning sufficiency of evidence and admission of evidence of prior drug-related conduct.
 
 III
 
 7
 Sandoval maintains the district court erred by not severing his case from his co-defendants' cases. Sandoval moved for severance before trial and did not raise the issue again until this appeal. He waived the objection by not renewing the motion at the close of trial. United States v. Restrepo, 930 F.2d 705, 711 (9th Cir.1991).
 
 IV
 
 8
 Sandoval insists insufficent evidence supports his conviction. Sufficient evidence supports a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 9
 The government may prove the existence of a conspiracy by circumstantial evidence that defendants cooperated in a "common illegal goal." United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Once the government proves a conspiracy, evidence of only a "slight connection" suffices to convict a defendant for knowing participation in it. United States v. Cuevas, 847 F.2d 1417, 1422 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989).
 
 
 10
 Viewed in the light most favorable to the government, the evidence showed that Hernandez-Pellot and Sandoval sold cocaine that Sandoval had delivered. The jury acted rationally by convicting Sandoval.
 
 V
 
 11
 For the following reasons, Hernandez-Pellot contends the district court should have given his requested duress instruction: (1) the government stressed that he could be prosecuted for perjury if he did not tell the truth while testifying and (2) he was intimidated by three women winking and blowing kisses. Even if Hernandez-Pellot had a fear of retaliation, such fear does not justify his refusal to testify. See In re Grand Jury Proceedings (Lahey v. United States), 914 F.2d 1372, 1375 (9th Cir.1990). Moreover, Hernandez-Pellot did not show a well-grounded fear of immediate death or injury, which forms the basis for a duress instruction. United States v. Shapiro, 669 F.2d 593, 596 (9th Cir.1982).
 
 
 12
 Hernandez-Pellot asserts that, because he invoked the Fifth Amendment in good faith, his contempt conviction cannot stand. The grants of use immunity that Hernandez-Pellot received were co-extensive with the scope of his Fifth Amendment privilege against self-incrimination. Kastigar v. United States, 406 U.S. 441, 453 (1972). Ignorance of the law or reliance on the erroneous advice of counsel will not support Hernandez-Pellot's good faith argument. United States v. Armstrong, 781 F.2d 700, 706 (9th Cir.1986). The district court properly refused to give Hernandez-Pellot's requested instructions.
 
 VI
 
 13
 Hernandez-Pellot contends his 18 month sentence for criminal contempt was excessive and violated the Sentencing Guidelines. The legality of a sentence is reviewed de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 14
 Although the Guidelines provide no specific section on criminal contempt, they direct the court to apply the "most analogous offense guideline." U.S.S.G. §§ 2J1.1, 2X5.1. The district court sentenced Hernandez-Pellot without reference to the Guidelines. Section 2J1.2 provides the most analogous offense guideline because Hernandez-Pellot obstructed justice. His refusal to testify was not justified, and his testimony might have substantially weakened the government's cases against Ojeda and Montoya-Verdugo. If Hernandez-Pellot had been sentenced under § 2J1.2 using the base offense level, his range would have been 10 to 16 months. Hernandez-Pellot's conduct does not warrant an increase under § 2J1.2(b)(2) for "substantial interference with the administration of justice." Nothing indicates his conduct resulted in verdicts based on "false evidence," the "unnecessary expenditure of substantial governmental or court resources," or any other circumstance that might warrant such an increase. We vacate Hernandez-Pellot's sentence for contempt and remand for resentencing under § 2J1.2.
 
 VII
 
 15
 Hernandez-Pellot maintains the district court erred by not reducing the base offense level for his role in the conspiracy by two points for acceptance of responsibility. The district court's factual findings in the sentencing phase, including whether the defendant accepted responsibility, are reviewed for clear error. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992).
 
 
 16
 Before denying the reduction, the court gave Hernandez-Pellot an opportunity to show he deserved it. Hernandez-Pellot thus received the sort of notice and hearing contemplated in the Guidelines. U.S.S.G. § 6A1.3(a), p.s.; United States v. Brady, 928 F.2d 844 (9th Cir.1991). Further, Hernandez-Pellot does not indicate what other information would have supported a reduction for acceptance of responsibility.
 
 
 17
 Hernandez-Pellot also argues the district court impermissibly considered constitutionally protected conduct, i.e., his refusal to testify, in denying the reduction. Once he was granted use immunity, Hernandez-Pellot had no constitutional right not to testify. The district court did not clearly err by finding Hernandez-Pellot did not accept responsibility.
 
 
 18
 Sandoval's conviction is AFFIRMED. Ojeda's and Montoya-Verdugo's convictions are REVERSED and REMANDED.
 
 
 19
 Hernandez-Pellot's sentence for conspiracy is AFFIRMED; his conviction for contempt is AFFIRMED; and his sentence for contempt is VACATED and REMANDED.
 
 KLEINFELD, Justice, concurring:
 
 20
 I concur, but would treat Hernandez's testimony at his change of plea as a statement against interest admissible under Federal Rule of Evidence 804(b)(3), so would not reach the catch-all provision in 803(b)(5).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3