990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Albert Gene MASON, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-55265.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 8, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Gene Mason appeals from the district court order holding him in civil contempt for his refusal to answer questions of the grand jury. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291, 1826.
 
 
 3
 Mason was arrested by the F.B.I. on April 27, 1992, for distributing methamphetamine. At the time of his arrest, Mason revealed the supplier of the drugs. Mason further agreed to make monitored telephone calls to his source.
 
 
 4
 Mason was indicted for two counts of distributing methamphetamine and later he entered a guilty plea to one count. The district court sentenced Mason to 120 months in custody. Mason was serving that sentence when the prosecutor subpoenaed him to testify before the grand jury. Mason refused to answer the prosecutor's questions about the source of the methamphetamine. The government obtained an order from the district court compelling Mason's testimony with immunity. Nevertheless, Mason asserted his Fifth Amendment privilege against self-incrimination and again refused to testify.
 
 
 5
 The district court conducted a hearing and adjudged Mason in civil contempt. The court ordered his present sentence tolled until Mason complies with the order to testify before the grand jury. In re Garmon, 572 F.2d 1373 (9th Cir.1978). This appeal followed.
 
 Discussion
 
 6
 A witness who refuses without just cause to comply with an order of the court to testify before the grand jury may be held in civil contempt. 28 U.S.C. § 1826. An order compelling testimony with immunity precludes a witness from refusing to testify on the ground that the testimony may incriminate him. 18 U.S.C. § 6002.
 
 
 7
 In a civil contempt proceeding, the government must prove the contempt by clear and convincing evidence. In re Battaglia, 653 F.2d 419, 422 (9th Cir.1981). This court reviews the district court's finding of contempt for abuse of discretion. In re Grand Jury Proceedings (Lahey), 914 F.2d 1372, 1373 (9th Cir.1990).
 
 
 8
 A. The Grand Jury's Need for the Testimony Sought
 
 
 9
 Mason contends that a necessary part of the prima facie showing of contempt is that the "information [sought] was not already in the possession of the government." Battaglia, 653 F.2d at 422. According to Mason, the sum and substance of his testimony is contained in the F.B.I. reports of Mason's post-arrest confession and in the tape recorded conversations between Mason and the supplier, therefore, he cannot be compelled to testify to that information.[1]
 
 
 10
 The government argues that the language in Battalgia is limited to cases in which the witness claims a memory loss prevents her from answering the question. In re Sinadinos, 760 F.2d 167 (7th Cir.1985) (characterizing the "not already in the possession" language of Battaglia as dicta and rejecting any such requirement); see also In re Kitchen, 706 F.2d 1266 (2d Cir.1983) (adopting Battaglia 's procedures for a memory loss case).
 
 
 11
 We will assume for purposes of this case that Battaglia imposes an initial burden on the government to establish that the evidence sought was not already in the possession of the government. But cf. In re Grand Jury Proceedings (Hergenroeder), 555 F.2d 686 (9th Cir.1977) (government not required to provide a witness with an affidavit that the information sought from him, a handwriting exemplar, was relevant to the grand jury's investigation); United States v. Weinberg, 439 F.2d 743, 749-50 (9th Cir.1971) (grand jury witnesses not entitled to refuse to answer questions that the witnesses considered irrelevant). Nevertheless, we find that the government has met that burden and has shown by clear and convincing evidence that Mason has no just cause to refuse to testify.
 
 
 12
 Mason witnessed a crime.[2] It is not for him to decide that the grand jury has enough information to indict and to refuse to answer the grand jury's questions about that crime. United States v. Calandra, 414 U.S. 338 (1974) (grand jury has the right to every person's evidence and a duty to examine all witnesses in every proper way and to track down all possible clues in order to charge the proper person with the appropriate crime); In re Grand Jury Proceedings (Pressman), 586 F.2d 724, 725 (9th Cir.1978).
 
 
 13
 The district court noted correctly that post-arrest statements, particularly those implicating others in criminal activities, can be unreliable. The suspect may be trying to minimize his own involvement by blaming another person. In addition, the post-arrest statement, unlike grand jury testimony, is unsworn. Thus, the grand jury should have the opportunity to assess Mason's credibility. If the grand jury found his testimony unbelievable based on his demeanor while testifying, the grand jury would be free to reject his testimony and to refuse to indict the target. In sum, the availability of alternative ways to obtain similar information does not preclude the grand jury from subpoenaing Mason in its investigation.
 
 
 14
 The district court did not abuse its discretion in finding that Mason had not established just cause for his refusal to testify.
 
 
 15
 B. Prosecutorial Abuse of the Grand Jury Process
 
 
 16
 Mason also argues that since the prosecutor could indict the source without Mason's testimony, the prosecutor is using the grand jury to gather evidence for trial. That, according to Mason, constitutes an abuse of the grand jury's function. Although Mason cites United States v. Doss, 545 F.2d 548, 552 (6th Cir.1976), aff'd on reh'g, 563 F.2d 265 (6th Cir.1977) (en banc), to support his assertion, the government observes correctly that Doss does not apply. Doss found a due process violation when the government subpoenaed a witness to testify before the grand jury without informing him that he had already been indicted. Id. at 550. By contrast, here the target of the grand jury investigation is the source of the drugs, not Mason. Mason has already been convicted of his participation in the drug deals. Moreover, the government has given Mason immunity on those transactions.
 
 
 17
 Alternatively, Mason suggests that the prosecutor called Mason to testify in order to put a "snitch jacket" on him, thereby, impermissibly using the grand jury to harass or punish Mason. Mason's argument amounts to a claim that he fears for his life if he testifies before the grand jury. His claim is not convincing since Mason has cooperated already with law enforcement officials in naming the source of the methamphetamine and making monitored telephone calls to that individual. Moreover, this court has rejected the claim, absent egregious facts, that a witness can refuse to testify before a grand jury because he believes that if he testifies his life will be endangered. Lahey, 914 F.2d at 1375. The district court found that the facts did not show an intent to endanger Mason, but rather reflected a decision to conclude Mason's prosecution before initiating a grand jury investigation against the source.
 
 
 18
 The district court did not abuse its discretion by concluding that the government had not abused the grand jury process.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Mason disclaims any intent to impose a burden on the government in all cases to show a need for the evidence sought. Instead, Mason argues that the government has admitted that it does not need Mason's testimony in order to indict the source, thus it is unnecessary to inquire into the state and nature of the grand jury investigation in this case
 Mason's attorney submitted an affidavit that the Assistant United States Attorney stated "he didn't really need" Mason's testimony and he could indict the source without it. Excerpt of Record 3-5. The parties dispute the admissibility of the prosecutor's statement in this contempt proceeding. The government contends that this statement is inadmissible because it was made during plea negotiations in which the government offered to make a Rule 35 motion to reduce Mason's sentence if Mason voluntarily testified. Fed.R.Crim.P. 11(e)(6); see United States v. Boltz, 663 F.Supp. 956 (D.Alaska 1987) (Rule applied to prosecutor's offer of immunity, civil penalties, and forfeiture before charges brought). Mason argues that since he has already been convicted, he is not a "defendant" and the statement was not made in connection with a "plea discussion" within the meaning of the rule. Moreover, the government's admission was being used on behalf of the defendant rather than against him. We do not decide that question since it is not essential to our ruling. Regardless of the prosecutor's opinion of the strength of the evidence, it is the grand jury's decision whether to there is sufficient probable cause to indict an individual.
 
 
 [2]
 The government states that Mason is the only witness who can establish the source of the drugs. Mason notes in his reply brief, however, that the source's live-in girlfriend was at the house when Mason picked up the methamphetamine on April 27, 1992. Defendant's Excerpt of Record 9 (F.B.I. report of Mason's post-arrest statement). This is the first time Mason disputed the government's claim that Mason was the only eyewitness. Excerpt of Record 11, 27-28. Nonetheless, the fact remains that Mason was a witness