21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Thomas McKAY, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-55266.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 5, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas McKay appeals pursuant to 28 U.S.C. Secs. 1291 and 1826 from an order holding him in contempt for refusing to testify before the grand jury.
 
 
 3
 McKay is a percipient witness to a possible violation of federal law by the target of the grand jury's investigation.[1] McKay moved to quash the subpoena issued by the grand jury, which the district court denied on January 28, 1994. Thereafter, McKay refused to testify before the grand jury and was held in contempt on February 28, 1994.
 
 
 4
 McKay contends the district court should have quashed the subpoena because the prosecutor has used the subpoena for an improper purpose, and he should not have been held in contempt because he has a well-founded fear of retaliation by the target if he testifies before the grand jury. We review a ruling on a motion to quash a subpoena and a judgment of contempt for abuse of discretion. In re Grand Jury Proceedings (Chesnoff), 13 F.3d 1293, 1295 (9th Cir.1994); In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 854 (9th Cir.1991).
 
 
 5
 Federal Rule of Criminal Procedure 17 governs the issuance of a subpoena by the grand jury. "The rule imposes no limitations on the purposes for which it is issued, but provides only that the subpoena may be quashed 'if compliance would be unreasonable or oppressive.' " In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d at 854 (quoting Fed.R.Crim.P. 17(c)). Rule 17, however, is not intended to serve as a criminal discovery device. United States v. Nixon, 418 U.S. 683, 698 (1974). In particular, "it is improper to use the grand jury for the primary purpose of strengthening the Government's case or a pending indictment or as a substitute for discovery, although this may be an incidental benefit." United States v. Gibbons, 607 F.2d 1320, 1328 (10th Cir.1979). See also United States v. Fisher, 455 F.2d 1101 (2d Cir.1972).
 
 
 6
 McKay argues that because he previously provided an exculpatory statement to law enforcement officers concerning the possible crime committed by the target, the prosecutor is seeking solely to "freeze" his testimony prior to trial and to use the grand jury as a means of discovery. The government responds that the grand jury is entitled to question McKay concerning his statement and inquire about matters not contained in McKay's previous statement. The fact that McKay's testimony will then be "frozen" unless he chooses to commit perjury at trial does not render the subpoena invalid.
 
 
 7
 "[T]he investigation of crime by the grand jury implements a fundamental governmental role of securing the safety of the person and property of the citizen...." Branzburg v. Hayes, 408 U.S. 665, 700 (1972). The scope of the grand jury's investigatory function in determining whether a crime has been committed and who committed it is expansive. Blair v. United States, 250 U.S. 273, 282 (1919). This court has rejected claims that an affidavit of need or relevance should be required before a grand jury subpoena is issued. In re Grand Jury Proceedings (Schofield), 721 F.2d 1221, 1223 (9th Cir.1983). To further the grand jury's investigatory function, "it must call witnesses, in the manner best suited to perform its task." Branzburg, 408 U.S. at 701.
 
 
 8
 We are not convinced that McKay's compliance with the subpoena would be "unreasonable and oppressive." Fed.R.Crim.P. 17(c). The caselaw upon which McKay relies, Gibbons and Fisher, pertain to subpoenae issued after an indictment has been returned.
 
 
 9
 There is sound reason to distinguish between the pre- and post-indictment context. As Gibbons and Fisher demonstrate, compelling a potential trial witness to testify before the grand jury following the indictment of the target and prior to the testimony of the witness at trial can raise serious questions as to the propriety of the motives of the prosecutor. Such testimony may, in certain cases, not serve any proper investigatory function.
 
 
 10
 In the pre-indictment context, the court is placed in the difficult position of forecasting whether the testimony of a hostile witness will prove useful to the grand jury or result solely in "freezing" his or her testimony for trial. Absent the additional showing that the proposed inquiry has a tenuous relationship to the subject of the investigation or that the grand jury is not conducting a legitimate investigation into an accusation of criminal activity, cf. In re Grand Jury Proceedings (Scarce), 5 F.3d 397, 400 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 685 (1994); In re Santiago, 533 F.2d 727, 730 (1st Cir.1976), the court will not quash the subpoena. McKay has failed to make this showing.
 
 
 11
 McKay's second contention is that he should not have been held in contempt because he had "just cause" under 28 U.S.C. Sec. 1826(a) to refuse to testify based on an objective fear of retaliation by the target of the investigation. McKay claims that the target has a propensity for violence and, if McKay is called to testify before the grand jury, the target would have the motive to inflict injury on McKay.
 
 
 12
 As noted in In re Grand Jury Proceedings (Lahey), 914 F.2d 1372, 1375 (9th Cir.1990), the court does not view a witness's fear of retaliation with a lack of concern. Nevertheless, in Lahey the witness made a more particularized showing of threats to his safety than McKay has done, and the Lahey court still held that the witness must testify. In the absence of a showing of egregious conduct by the government which places the witness at a substantial risk of harm, fear of retaliation does not excuse the witness from testifying. Id. at 1375. McKay has not made such a showing.
 
 
 13
 For the foregoing reasons, the district court's judgment of contempt is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Appellee's motion to file under seal the parties' briefs and excerpts of record is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 McKay has been granted immunity for his testimony under 18 U.S.C. Sec. 6002 et seq