**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GRAND JURY TESTIMONY. | No. 12-35774 |
| | D.C. No. 12-GJ-00149 |
| MATTHEW DURAN, | |
| Witness - Appellant, | MEMORANDUM* |
| v. | |
| UNITED STATES OF AMERICA, | |
| Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 15, 2012**

Before: WARDLAW, CLIFTON, and BYBEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Matthew D. Duran appeals the district court's September 13, 2012 order holding him in civil contempt and ordering confinement under 28 U.S.C. § 1826. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1826(b), and we affirm.

We review the district court's denial of the motion to quash a grand jury subpoena for abuse of discretion. *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004). We also review the district court's finding of contempt for abuse of discretion. *See In re Grand Jury Proceedings (Lahey)*, 914 F.2d 1372, 1373 (9th Cir.1990) (per curiam). We review the district court's factual findings for clear error. *See In re M.H.*, 648 F.3d 1067, 1070-71 (9th Cir. 2011). We review mixed questions of law and fact de novo. *See id.*

A federal grand jury subpoenaed Duran to testify in a criminal investigation, but Duran refused to provide answers to any of the grand jury's questions. The district court refused to quash the subpoena, held Duran in civil contempt, and ordered him confined. Duran contends that the district court's order impermissibly violated his First Amendment right to association, and that the district court abused its discretion when it held him in civil contempt. Duran argues that to compel his testimony the Government must meet the standard set forth in *Bursey v. United*

*States*, 466 F.2d 1059 (9th Cir. 1972), because the subpoena "collides" with his First Amendment rights.

We conclude, however, that the *Bursey* analysis is not implicated by this appeal. Mr. Duran has failed to show that his First Amendment right to association has been infringed upon. In the alternative, even if Duran's rights were implicated, we held in *In re Grand Jury Proceedings (Scarce)*, 5 F.3d 397 (9th Cir. 1993), that a First Amendment privilege applies only in limited circumstances, namely when "the questions were posed in bad faith, [when the questions] had a tenuous relationship to the subject of the investigation, [when] law enforcement did not have a legitimate need for the information, or [when the questions] were posed as a means of harassment." *Id*. at 400. None of those conditions apply here. The grand jury is seeking the identity of those persons who vandalized the Nakamura Courthouse on May 1, 2012. This information does not implicate Duran's First Amendment right to association. Accordingly, the district court did not abuse its discretion in denying the motion to quash Duran's grand jury subpoena or in holding Duran in civil contempt for his refusal to testify before the grand jury pursuant to that subpoena. *See Mark Torf*, 357 F.3d at 906.

The district court's order finding Duran in civil contempt of court and ordering his confinement is therefore affirmed.

Duran is entitled to proceed in forma pauperis on this appeal because the district court appointed counsel to represent Duran under the Criminal Justice Act. The Clerk shall amend the docket to reflect this status. The opening, answering, and reply briefs, received on October 1, October 9, and October 12, 2012, respectively, are deemed filed.

**AFFIRMED.**