**NOT FOR PUBLICATION**

OCT 22 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GRAND JURY SUBPOENA. | No. 12-35811 |
| KATHERINE OLEJNIK, | D.C. No. 2:12-GJ-00145 |
| Witness - Appellant, | |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 15, 2012[**]
San Francisco, California

Before: WARDLAW, CLIFTON, and BYBEE, Circuit Judges.

Katherine Olejnik appeals the district court's September 27, 2012 orders

denying her motion to quash the grand jury subpoena and holding her in civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contempt and ordering confinement under 28 U.S.C. § 1826. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1826(b), and we affirm.

We review the district court's denial of the motion to quash a grand jury subpoena for abuse of discretion. *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004). We also review the district court's finding of contempt for abuse of discretion. *See In re Grand Jury Proceedings (Lahey)*, 914 F.2d 1372, 1373 (9th Cir. 1990) (per curiam). We review the district court's factual findings for clear error. *See In re M.H.*, 648 F.3d 1067, 1070-71 (9th Cir. 2011). We review mixed questions of law and fact de novo. *See id*. We review the constitutionality of a statute de novo. *See United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc).

A federal grand jury subpoenaed Olejnik to testify in a criminal investigation. Olejnik moved to quash the subpoena, but the district court denied the motion. Olejnik appeared before the grand jury and answered some questions, but refused to answer others. The district court found Olejnik in civil contempt and ordered her confined.

Olejnik first contends that 18 U.S.C. § 6003 violates the separation of powers doctrine because it mandates that a district court issue an immunity and

compulsion order if the government certifies that the witness's testimony may be necessary to the public interest.

Federal statutes enjoy a strong presumption of constitutionality. *United States v. Di Re*, 332 U.S. 581, 585 (1948); *Schwenk v. Hartford*, 204 F.3d 1187, 1204 (9th Cir. 2000). We find Olejnik's argument that 18 U.S.C. § 6003 violates the separation of powers unavailing. *See Clinton v. Jones*, 520 U.S. 681, 703 (1997) ("[S]eparation of powers does not mean that the branches ought to have no partial agency in, or no control over the acts of each other.").

Olejnik also contends that the district court's order impermissibly violated her First Amendment right to association, and that the district court abused its discretion when it held her in civil contempt. Olejnik argues that to compel her testimony the Government must meet the standard set forth in *Bursey v. United States*, 466 F.2d 1059 (9th Cir. 1972), because the subpoena collides with her First Amendment rights.

We conclude, however, that the *Bursey* analysis is not implicated by this appeal. Olejnik has failed to show that her First Amendment right to association has been infringed upon. In the alternative, even if Olejnik's rights were implicated, we held in *In re Grand Jury Proceedings (Scarce)*, 5 F.3d 397 (9th Cir. 1993), that a First Amendment privilege applies only in limited circumstances,

namely when "the questions were posed in bad faith, [when the questions] had a tenuous relationship to the subject of the investigation, [when] law enforcement did not have a legitimate need for the information, or [when the questions] were posed as a means of harassment." *Id*. at 400. None of those conditions apply here. The grand jury is seeking the identity of those persons who vandalized the Nakamura Courthouse on May 1, 2012. This information does not implicate Olejnik's First Amendment right to association. Accordingly, the district court did not abuse its discretion in denying the motion to quash Olejnik's grand jury subpoena. *See Mark Torf*, 357 F.3d at 906.

Finally, Olejnik contends the district court should not have found her in civil contempt because she answered all "legitimate" questions when she appeared before the grand jury. This argument is unavailing. The district court did not abuse its discretion in denying the motion to quash and Olejnik refused to answer certain grand jury questions about the core issue in the investigation, which did not implicate her First Amendment right to association. Accordingly, the district court's order finding Olejnik in civil contempt of court and ordering her confinement is affirmed.

Olejnik's motion to seal the opening brief and excerpt of record is denied as unnecessary.

12-35811

Olejnik's motion to proceed in forma pauperis is granted.  The Clerk shall amend the docket to reflect this status.

The opening and answering briefs, received on October 9 and October 12, 2012, respectively, are deemed filed.

**AFFIRMED.**