In re GRAND JURY PROCEEDINGS.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Allan Wolfe PRESSMAN and Allen Lee Behan, Defendants-Appellants.

No. 78–3222.

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1978.

Thomas C. Troy, Dorchester, Mass., on brief, for defendants-appellants.

Kenneth A. Bauman, Portland, Or., on brief, for plaintiff-appellee.

Before WRIGHT, GOODWIN, and ANDERSON, Circuit Judges.

PER CURIAM:

After a grant of immunity pursuant to 18 U.S.C. § 6001 *et seq.* the appellants refused to testify before a grand jury and were found in contempt of court and ordered committed. They appeal the judgment of contempt.

Because both appellants were already in federal custody serving prison sentences when they were adjudicated to be in contempt of court, they seek to have the contempt judgments set aside so that their prison time will count toward their preexisting sentences.

The appellants assert two alleged defects in their contempt convictions:

(1) The Assistant Attorney General who signed the application for immunity pursuant to 18 U.S.C. § 6003(b) had not been specifically designated as the Assistant Attorney General in charge of the Criminal Division. The trial court found, however, that the person who applied for the grant of immunity was in fact the designated person in charge of the Criminal Division. That factual finding answers the first contention. *Urasaki v. United States,* 504 F.2d 513 (9th Cir. 1974).

Moreover, the appellants have in fact been granted immunity and are enjoying the immunity at the present time. Their attempt to challenge the grant of immunity might have a different pitch to its wail if the government were to attempt a prosecution in the face of the grant of immunity.

(2) On the subject of the investigation, the appellants make the familiar charge that the grand jury is being abused by the government to help develop evidence for pending cases in which indictments have already been returned.

This charge, easily voiced, is difficult to prove or disprove. In the case at bar the government denies the assertion and the appellants have supplied no evidence to support their supposition. The trial court found no evidence of an improper purpose, and this court has rejected the need for imagining one after the government denies it. *In re Grand Jury Proceedings (Hergenroeder),* 555 F.2d 686 (9th Cir. 1977).

There is no legal basis for barring a grand jury investigation simply because there is an outstanding indictment involving persons not being called as witnesses. *In re Santiago,* 533 F.2d 727 (1st Cir. 1976). There is also no bar to investigation of other areas of criminal liability for which the defendants or co-defendants may be accountable. *In re July 1973 Grand Jury,* 374 F.Supp. 1334 (N.D.Ill., 1973). Indeed, the duties of the grand jury are not performed until every clue and all witnesses are examined in order to charge the proper person with the appropriate crime. *United States v. Collins,* 272 F.2d 650 (2d Cir. 1959).

While it may be improper to call a grand jury witness *solely* to prepare a previously-indicted case for trial, *United States v. Woods,* 544 F.2d 242, 250 (6th Cir. 1976), the government has every right to interrogate witnesses on subjects relevant to a pending indictment. *United States v. Braasch,* 505 F.2d 139, 147 (7th Cir. 1974); *United States v. Zarattini,* 552 F.2d 753, 757

(7th Cir. 1977); *Beverly v. United States,* 468 F.2d 732, 743 (5th Cir. 1972).

AFFIRMED.