62 F.3d 1144
 95 Cal. Daily Op. Serv. 6114, 95 Daily Journal
D.A.R. 10,474
In the Matter of the GRAND JURY SUBPOENA ISSUED to David Z.
CHESNOFF, Esq., Las Vegas, Nevada (Two Cases).
UNITED STATES of America, Plaintiff-Appellee,
v.
David Z. CHESNOFF, Defendant-Appellant.
GOODMAN & CHESNOFF, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 94-15412, 94-15547.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 12, 1995*.
Decided Aug. 3, 1995.
 
 Donald M. Re, Los Angeles, CA, for defendant-appellant Chesnoff.
 David Nickerson, Sausalito, CA, for appellant Goodman & Chesnoff.
 Michael E. Barr, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.
 Appeals from the United States District Court for the District of Nevada.
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 OVERVIEW
 
 1
 David Z. Chesnoff and the law firm of Goodman & Chesnoff (collectively referred to as "Appellants") appeal the district court's order disqualifying them from further representation of their client and grand jury target, Richard Perry. The government argues that we lack jurisdiction over this appeal because Appellants lack standing to pursue the appeal and because the order appealed from is an unappealable interlocutory order. Although we agree on both counts, we rest our dismissal of the appeal on Appellants' lack of standing.
 
 FACTS
 
 2
 Richard Perry is the subject of an ongoing federal grand jury investigation for failure to report income to the IRS, failure to pay taxes, and attempts to hide income and assets during several years. David Z. Chesnoff, a partner in the law firm of Goodman & Chesnoff, represented Perry during this investigation, until the district court entered the disqualification order that is the subject of this appeal. No indictment against Perry has yet been returned.
 
 
 3
 In March 1993, the grand jury subpoenaed Chesnoff to testify about various issues related to Perry's expenditures, income, and life style, and about fees paid to Goodman & Chesnoff by Perry and trust funds held by the firm on Perry's behalf. Chesnoff refused to testify. The district court found that Chesnoff had demonstrated an "appreciable risk" of self-incrimination if he were to testify about the fee and trust fund issues, but the court found Chesnoff in contempt for refusing to testify as to the other issues. This court affirmed the finding of contempt. Chesnoff v. United States (In re Grand Jury Proceedings), 13 F.3d 1293 (1994).
 
 
 4
 The government subsequently subpoenaed records from Goodman & Chesnoff, but the firm refused to produce them. On December 16, 1993, however, the government, Chesnoff, and Goodman & Chesnoff entered into an agreement whereby Goodman & Chesnoff agreed to produce the subpoenaed records. The government, in return, agreed to withdraw the subpoena outstanding against Chesnoff and agreed to ask the district court to purge him of contempt. Perry also agreed to waive any conflict of interest that might exist between himself and Chesnoff, subject to the court's acceptance of his waiver.
 
 
 5
 On February 22, 1994, the district court ruled that "the potential conflict [between Chesnoff and Perry] is so substantial that waiver should not be granted and that Mr. Chesnoff should be disqualified from further representation of Mr. Perry." The court based its finding of a potential conflict primarily on the fee and trust fund arrangements between Perry and the firm, which were potentially incriminating for both Perry and Chesnoff. The court also disqualified Goodman & Chesnoff. Chesnoff's and Goodman & Chesnoff's timely appeals from this order have been consolidated.
 
 DISCUSSION
 
 6
 By order dated July 7, 1995, this court requested supplemental briefing by the parties on the issue of Appellants' standing to bring this appeal. After reviewing the parties' original and supplemental submissions, and the record in this case, we conclude that Appellants lack standing to appeal the disqualification order. We therefore dismiss the appeal.
 
 
 7
 Appellants have not identified any right of their own that has been affected by the district court's order. Instead, by their own account, they seek to protect their client's right to counsel of his choice. Ordinarily, "a litigant 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' " United States Dep't of Labor v. Triplett, 494 U.S. 715, 720, 110 S.Ct. 1428, 1431, 108 L.Ed.2d 701 (1990) (quotations omitted).
 
 
 8
 In certain circumstances, however, a litigant may assert claims on behalf of third parties. Powers v. Ohio, 499 U.S. 400, 410-11, 111 S.Ct. 1364, 1370, 113 L.Ed.2d 411 (1991). First, the litigant must have "suffered some injury-in-fact, adequate to satisfy Article III's case-or-controversy requirement." Caplin & Drysdale v. United States, 491 U.S. 617, 623 n. 3, 109 S.Ct. 2646, 2651 n. 3, 105 L.Ed.2d 528 (1989) (citing Singleton v. Wulff, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976)); United States v. Van Cauwenberghe, 934 F.2d 1048, 1056 (9th Cir.1991). If Appellants lack Article III standing, they "may not litigate as suitors in the courts of the United States." See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 475-76, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982). Second, if the Article III requirement is satisfied, we must then determine whether prudential considerations favor permitting the litigant to proceed with a claim on a third party's behalf. Caplin & Drysdale, 491 U.S. at 623 n. 3, 109 S.Ct. at 2651 n. 3; Van Cauwenberghe, 934 F.2d at 1056. Based on Appellants' submissions in this case, we conclude that they fail to meet the threshold, Article III requirement of an "injury-in-fact.""[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct' " of which he complains. Valley Forge Christian College, 454 U.S. at 472, 102 S.Ct. at 758 (citation omitted). Appellants in this case have nowhere identified any injury to them caused by the district court's disqualification order.[1] Accordingly, we hold that Appellants lack standing to pursue this appeal. Cf. Van Cauwenberghe, 934 F.2d at 1057 (law firm lacked standing to appeal a fee order where firm had "not demonstrated an entitlement to the disputed funds sufficient to satisfy the injury in fact requirement").
 
 
 9
 Moreover, we note that even if Appellants had satisfied Article III's requirement, prudential considerations would still lead us to reject their assertion of third-party standing. Although Appellants do have a close relationship to the third party whose rights they seek to assert, see Caplin & Drysdale, 491 U.S. at 623 n. 3, 109 S.Ct. at 2651 n. 3, there is no "hindrance to the third party's ability to protect his ... own interests," see Powers, 499 U.S. at 411, 111 S.Ct. at 1371. If and when Perry is injured by the disqualification order (i.e., if and when his Sixth Amendment right to counsel is abridged),[2] he will clearly be "free to appeal [the order] on his own behalf," if he so desires. See Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1276 (9th Cir.1990).
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 [1]
 Contrary to Appellants' argument, the fact that the district court's disqualification order was directed at Appellants does not render the order analogous, for purposes of establishing standing, to orders sanctioning attorneys or holding attorneys in contempt. An attorney's standing to appeal those latter types of orders arises not from the fact that the orders named or were directed at the attorney, but from the fact that the attorney " 'personally has suffered some ... injury as a result' " of the orders. See Valley Forge Christian College, 454 U.S. at 472, 102 S.Ct. at 758 (citation omitted)
 
 
 [2]
 The district court's order, at this point, has in no way infringed Perry's rights because Perry has no legal or constitutional entitlement to counsel of his choice during a grand jury investigation. See United States v. Mandujano, 425 U.S. 564, 581, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212 (1976); In re Grand Jury, 77-1 U.S. Tax Cas. (CCH) p 9146, at 86,198 (9th Cir.1976)