74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SPECIAL GRAND JURY PROCEEDINGS.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar B. GOODMAN, Witness-Appellant.
In re SPECIAL GRAND JURY PROCEEDINGS.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar B. GOODMAN, Witness, Natale Richichi, Intervenor-Appellant.
In re SPECIAL GRAND JURY PROCEEDINGS.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar B. GOODMAN, Witness, Salvatore Richichi, Intervenor-Appellant.
 Nos. 94-17114 to 94-17116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Jan. 16, 1996.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Oscar Goodman, a recalcitrant grand jury witness, and Natale and Salvatore Richichi, two intervenors on his behalf, appeal the district court's order holding Goodman in civil contempt for failing to produce certain subpoenaed documents relating to fee information. Though this case is comprised of three consolidated appeals, due to issues of standing, we consider only the claims of Appellant Goodman.[1] We affirm the holding of the district court.
 
 
 3
 The central issue involved in this appeal is before us for the second time. See In re Grand Jury Proceedings (Goodman), 33 F.3d 1060 (9th Cir.), cert. denied, 115 S.Ct. 187 (1994) (per curiam) ("Goodman I "). In Goodman I, we held that attorney Goodman could not rely on his client's Sixth Amendment right to counsel as just cause for his refusal to produce fee records, calling such a challenge "premature and speculative." Id. at 1062.
 
 
 4
 Since that opinion's publication on June 13, 1994, the grand jury returned a superseding indictment on August 25, 1994, charging Goodman's client, Natale Richichi, and his son Salvatore, with a Klein conspiracy. See United States v Klein, 247 F.2d 908 (2d Cir.1957), cert. denied, 355 U.S. 924 (1958). As the contempt proceedings continued in the district court, the government submitted an in camera declaration detailing the legitimacy of the grand jury's continuing investigation and the relevance of the fee records to that investigation.
 
 
 5
 A hearing was held on November 23, 1994, after which the court ordered Goodman to file in camera and under seal the documents which were the subject of the subpoena. The district court issued an order on December 1, 1994 reaffirming its order of contempt, and finding that the government's in camera submission demonstrated that the need to enforce the subpoena was undertaken in good faith. When Goodman continued his refusal to produce the documents, he was forced to pay an initial coercive fine of $25,000, plus an additional $2,500 per day. After Goodman paid $50,000 in fines, he produced the records and was purged of contempt.
 
 
 6
 Goodman contends that because of the issuance of the superseding indictment, the circumstances of the case have so changed that the previously "speculative and premature" Sixth Amendment challenge has now become a reality, thus warranting Goodman's refusal to produce the fee records. Additionally, Goodman alleges that the district court erroneously determined that Appellants failed to demonstrate that the government was using the grand jury subpoena for an improper purpose. We address both arguments in turn.
 
 
 7
 * We review a district court's adjudication of civil contempt for abuse of discretion. Goodman I, 33 F.3d at 1061 (citing In re Grand Jury Proceedings (Lahey), 914 F.2d 1372, 1373 (9th Cir.1990) (per curiam)). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Marchand v. Mercy Medical Center, 22 F.3d 933, 936 (9th Cir.1994). The appellate court cannot simply substitute its judgment for that of the lower court. United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992).
 
 
 8
 Though the August 1994 indictment of Natale Richichi is a significant development in this case, it in no way alters our conclusion in Goodman I that any Sixth Amendment challenge is still premature and speculative.
 
 
 9
 Goodman relies almost exclusively on this court's decision in Tornay v. United States, 840 F.2d 1424 (9th Cir.1988) to bolster his argument that Richichi's indictment signifies a change since Goodman I that leads to the attachment of Sixth Amendment rights. However, that case merely reiterates the standard that the right to counsel attaches "only at or after the 'initiation of adversary judicial proceedings,' " which includes indictments. Id. at 1429 (quoting United States v. Gouveia, 467 U.S. 180, 188-89 (1984)). The crux of this matter has never been whether the Sixth Amendment could attach at this stage in the proceedings. We stated quite explicitly that the Sixth Amendment "can apply when the government's conduct occurs pre-indictment." Goodman I, 33 F.3d at 1062. Therefore, the fact that an indictment has now been issued is of little consequence, and does not change our prior reasoning.
 
 
 10
 Moreover, since our decision in Goodman I and the superseding indictment of Natale Richichi in this case, this court rendered the opinion In Re Grand Jury Subpoena (Chesnoff), 62 F.3d 1144 (9th Cir.1995) which controls this case. As in Chesnoff, appellant here has "not identified any right of [his] own that has been affected by the district court's order" that he produce the requested documents. Id. at 1145. "Instead, by [his] own account, [Goodman seeks] to protect [his] client's right to counsel of his choice." Id. Under Chesnoff, we hold that Goodman lacks standing to assert Richichi's Sixth Amendment right because "a litigant must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id. (internal citations omitted).
 
 
 11
 Also, the very problems that made Goodman's previous challenge premature continue to make it premature. Primarily, the district court correctly found that Goodman still has not demonstrated any actual conflict of interest created by the issuance of the subpoena. Goodman argues that it is irrelevant whether he must personally testify or whether the government intends to force him to withdraw. Rather, Goodman asserts that if the government seeks merely to introduce the subpoenaed documents as evidence against Richichi, he might be forced to withdraw because of his potential "connection" to the charged offense despite the government's agreement not to seek his disqualification or object to Richichi's waiver of any conflict.[2] However, even if this potential becomes reality, under Chesnoff, Richichi will be free to assert any abridgment of his Sixth Amendment right to counsel on his own behalf. See id. at 1146 (citing Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1276 (9th Cir.1990)).
 
 
 12
 If the Sixth Amendment is violated because an attorney will be disqualified on account of testimony compelled by the government, "an appropriate remedy may be to bar the attorney's testimony." Tornay, 840 F.2d at 1430 n. 6. As in Tornay, however, Goodman presumes that compliance with the subpoena "leads inevitably to testimony against the client which will cause the attorney to be disqualified. The argument is faulty because it presumes too much." Id. at 1429.
 
 
 13
 Our previous admonition to Goodman still stands--having failed to inform his client in advance that fee information is generally unprotected by privilege, he "cannot instead rely on the Sixth Amendment right to counsel as a basis for refusing to produce the fee records." Goodman I, 33 F.3d at 1063 (quoting Tornay, 840 F.2d at 1429-30)). This is particularly true when it is not his own constitutional right that Goodman seeks to assert. The district court did not abuse its discretion in again rejecting Goodman's Sixth Amendment claim.
 
 II
 
 14
 Goodman also contends that because the grand jury returned an indictment against Natale Richichi in a Klein conspiracy, the government's effort to enforce the subpoena amounts to improper pretrial discovery by the grand jury. Therefore, he alleges that he should not have to bear the burden of proof to demonstrate the sole or dominant purpose of the subpoena is to prepare a pending case for trial. Instead, Goodman argues that the court should have required the government to prove the legitimate purpose of the subpoena.
 
 
 15
 As the district court aptly stated, Goodman's argument is one that is "easily voiced" and yet "difficult to prove or disprove." See In re Grand Jury Proceedings (Pressman), 586 F.2d 724, 725 (9th Cir.1978). Like Pressman, in the instant case the government denies the assertion and the appellants have supplied no evidence to support their supposition. This court has rejected the need for imagining an improper purpose after the government denies it. Id. (citing In re Grand Jury Proceedings (Hergenroeder), 555 F.2d 686 (9th Cir.1977)). There is no legal basis for barring a grand jury investigation simply because there is an outstanding indictment involving persons not being called as witnesses. Pressman, 586 F.2d at 725.
 
 
 16
 A grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance. United States v. R. Enterprises, Inc., 498 U.S. 292, 301 (1991). The recipient here, Goodman, has in no way demonstrated the unreasonableness of the burden to produce documents that are regularly unprotected.
 
 
 17
 However, even if the burden were to shift to the government, which it does not, an examination of the record, particularly the government's in camera submission, more than satisfactorily demonstrates the relevancy of the subpoenaed documents to the grand jury's ongoing investigation. In no way is the sole or dominant purpose of the grand jury subpoena for pretrial discovery. We are assured that the government has no improper purpose in requesting the fee records, and that the investigation is being undertaken in good faith.
 
 
 18
 Therefore, the district court neither abused its discretion in rejecting Goodman's Sixth Amendment challenge to the grand jury subpoena, nor in determining that Goodman failed to demonstrate that the government was using the grand jury subpoena for an improper purpose.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the government correctly notes, both Natale and Salvatore Richichi filed a notice of appeal from the district court's orders denying their respective motions to intervene and quash the subpoena served on Goodman & Chesnoff, but neither of those Appellants raised an argument in the briefs about the intervention orders. Having failed to raise the issue, we therefore uphold the district court's orders denying their motions to intervene. See United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir.1995) ("Appellate courts frequently refuse to address issues that appellants fail to develop in their briefs."); see also Fed R.App.P. 28(a)(5)
 
 
 [2]
 Regarding Goodman's argument that the subpoenaed documents contain evidence directly relevant to an offense charged in the criminal indictment, the government correctly states that the records in no way link Goodman himself to the Klein conspiracy. Even if they did, it is speculative whether this case will proceed to trial, and if it does, whether such fee records could even be admissible at trial