NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1452

PATRIOT SCIENTIFIC CORPORATION,

Plaintiff-Appellee,

and

BEATIE AND OSBORN, LLP,
and BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP,

Sanctioned Parties-Appellants,

v.

CHARLES H. MOORE,

Defendant-Appellee,

and

TECHNOLOGY PROPERTIES, LTD.,
and DANIEL E. LECKRONE,

Defendants-Appellees.

_____

DECIDED: April 12, 2006

_____

Before NEWMAN, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

This is an appeal from an order of the United States District Court for the

Northern District of California disqualifying counsel for Patriot Scientific Corporation

("Patriot") and denying Patriot's motion to allow one of its witnesses to testify. Patriot Scientific Corp. v. Moore, No. C 04-0618 JF (N.D. Cal. Mar. 8, 2005). Patriot and the appellees have settled the underlying action, and Patriot has waived its right to appeal from the disposition of that action. However, Patriot's disqualified counsel, Beatie & Osborn, LLP ("Beatie & Osborn"), and Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("Bramson Plutzik"), have appealed from the court's disqualification order. We affirm the portion of the order disqualifying the appellants as Patriot's counsel, and we hold that the appellants do not have standing to challenge the remainder of the order.

I

Russell Fish and Charles Moore are listed as co-inventors on seven patents that originated with the same application, No. 389,334 ("the '334 application"), and issued between 1995 and 2003. Attorney Willis Higgins represented Fish and Moore in the prosecution of the '334 application. Through several transactions between 1991 and 1994, not at issue here, Patriot Scientific Corporation came to own all of Fish's rights in the patents. In 2002 and 2003, Moore assigned some of his rights in the patents to Technology Properties, Limited ("TPL"). In 2004, in the litigation from which this appeal comes, Patriot sued Moore, TPL, and TPL's owner Daniel Leckrone, seeking a declaratory judgment that Fish is the sole inventor of U.S. Patent No. 5,809,336 ("the '336 patent")—one of the seven patents that resulted from the '334 application. The defendants counterclaimed for a declaratory judgment that Moore is at least a co-inventor and TPL is at least a co-owner of the '336 patent and the other six patents that issued from the '334 application. Beatie & Osborn, Bramson Plutzik, and a third law firm from Georgia represented Patriot in the litigation.

Beginning in 2002, in separate actions not part of this appeal, Patriot sued several other companies for infringement of the '336 patent. In connection with those infringement suits, Patriot retained attorney Higgins as a consultant. Higgins's agreement obligated him to testify as a witness in Patriot's declaratory judgment action against Moore, TPL, and Leckrone. Fish signed a written waiver of his attorney-client privilege with respect to Higgins's work prosecuting the '334 application, but Moore did not.

In the declaratory judgment suit, Patriot filed a motion to allow it to introduce testimony from Higgins in support of its contention that Moore was not a co-inventor of the '336 patent. The defendants opposed Patriot's motion, and Moore asserted the attorney-client privilege to prevent Higgins from testifying about his conversations with Moore during prosecution of the '334 application. The defendants also filed a motion to disqualify Patriot's counsel on the ground that they induced Higgins to breach his professional obligations to his former client, Moore, by disclosing Moore's confidences and by working as a consultant for Patriot in its litigation against Moore.

The district court granted the defendants' disqualification motion in part. The court agreed with the defendants that Higgins had breached his fiduciary duty to Moore by disclosing Moore's confidences and by accepting employment adverse to Moore without Moore's consent. In particular, the court found that Beatie & Osborn had violated California Rule of Professional Conduct 1-120 by inducing Higgins to breach his duty to Moore, and the court disqualified Beatie & Osborn on that ground. Rule 1-120 provides that an attorney "shall not knowingly assist in, solicit, or induce any violation of the Rules of Professional Conduct." The district court also disqualified Bramson Plutzik.

Although the court found that there was no evidence that Bramson Plutzik was actively involved in Beatie & Osborn's communications with Higgins, the court nonetheless found that Bramson Plutzik was sufficiently involved in the litigation—having appeared before the court and co-signed pleadings with Beatie & Osborn—that it should be presumed that the firm was privy to Moore's confidences. The district court declined to disqualify Patriot's Georgia counsel because that firm had not appeared before the court, because there was no evidence that the firm was privy to Moore's confidences, and because disqualifying the Georgia firm would require Patriot to obtain a new legal team. The court also denied the plaintiffs' motion to allow Higgins to testify, on the ground that any testimony adverse to Moore would violate Higgins's fiduciary duty to Moore, and because the court found that Moore had validly asserted the attorney-client privilege to prevent Higgins from testifying.

After Beatie & Osborn and Bramson Plutzik were disqualified, Patriot and the defendants settled the lawsuit between them. Pursuant to the terms of the settlement, the district court entered a stipulated judgment dismissing Patriot's claims with prejudice and declaring that Moore is at least a co-inventor and TPL is at least a co-owner of all seven of the patents in suit. As part of the settlement, Patriot waived its right to appeal. Beatie & Osborn and Bramson Plutzik, however, took the instant appeal, challenging the district court's order disqualifying them and precluding Higgins from testifying.

II

We first address the question of the appellants' standing to appeal. The question of standing to appeal an order disqualifying counsel or excluding testimony is a procedural matter not unique to patent law, the disposition of which is not "affected by

the special circumstances of the patent law setting in which [the] issue arise[s]." Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1360 (Fed. Cir. 1999) (en banc). We therefore apply the law of the Ninth Circuit.

The Ninth Circuit has held that not every disqualification order gives the disqualified attorney standing to appeal. In re Grand Jury Subpoena Issued to Chesnoff, 62 F.3d 1144, 1145 (9th Cir. 1995). When, however, a disqualification order rests on grounds that could harm the attorney's professional reputation, and that order is in the form of a sanction, the attorney may file an appeal independent of his client's right to appeal. See United States v. Talao, 222 F.3d 1133, 1137-38 (9th Cir. 2000). Harsh criticism of an attorney in a written opinion is not an appealable sanction, Weissman v. Quail Lodge, 179 F.3d 1194, 1200 (9th Cir. 1999), but an explicit finding that an attorney violated a specific ethical rule "per se constitutes a sanction" under the law of the Ninth Circuit. Talao, 222 F.3d at 1138. Such an order is appealable regardless of whether the parties have settled the underlying action. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1109 (9th Cir. 2005). In this case, the district court's disqualification order was based on a finding that Beatie & Osborn had violated California Rule of Professional Conduct 1-120 and that Bramson Plutzik was presumably privy to the disclosures that flowed from that violation. Under Ninth Circuit law, the part of the order disqualifying the appellants as Patriot's counsel is based on the kind of sanction as to which the appellants have standing to appeal.

The portion of the district court's order denying Patriot's motion to allow Higgins's testimony, on the other hand, was not a sanction against the appellants and did not otherwise injure them. "Counsel have standing to appeal from orders issued directly

against them, but not from orders applicable only to their clients." Uselton v. Commercial Lovelace Motor Freight, 9 F.3d 849, 854-55 (10th Cir. 1993) (citing cases); see also Kapco Mfg. Co. v. C & O Enter., 886 F.2d 1485, 1494 (7th Cir. 1989); Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1127 (2d Cir. 1989). Patriot, not its counsel, is the party aggrieved by the loss of Higgins's testimony. We therefore hold that the appellants do not have standing to appeal the portion of the district court's order denying Patriot's motion to allow Higgins's testimony.

III

We apply Ninth Circuit law in reviewing the merits of the district court's decision to disqualify the appellants. Sun Studs, Inc. v. Applied Theory Assocs., 772 F.2d 1557, 1566 (Fed. Cir. 1985). In the Ninth Circuit, the standards adopted by the district court to govern the conduct of members of its bar are controlling. Id. (citing United Sewerage Agency v. Jelco, Inc., 646 F.2d 1339 (9th Cir. 1981)). The district court's rules require attorneys who are admitted to practice before it to comply with the standards of practice applicable to California attorneys. N.D. Cal. Civ. Local Rule 11-4(a)(1). The district court's basis for disqualifying Beatie & Osborn was that the firm's attorneys had violated California Rule of Professional Conduct 1-120 by inducing and assisting Higgins in breaching his fiduciary duty to Moore as a former client through his disclosures of Moore's confidential information and through the assistance he provided to Patriot in its litigation against Moore. The appellants do not dispute the historical facts of this case, but argue instead that Higgins's conduct was permissible. Under Ninth Circuit law, we review that issue de novo, United States v. Lopez, 989 F.2d 1032, 1036 (9th Cir. 1993), and if we sustain the district court's conclusion that an ethical violation occurred, we

review the court's choice of sanction for an abuse of discretion. <u>Golden Eagle Distrib. Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1538 (9th Cir. 1986).

A

Rule 3-310 (E) of the California Rules of Professional Conduct states that "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."  The appellants do not dispute that Higgins's employment as a consultant to Patriot in its suit against Moore was "employment adverse to" Moore, or that Higgins's conduct otherwise fell within the scope of what the rule prohibits.  Under California law, it does not matter that Higgins was acting as a litigation consultant, rather than Patriot's attorney.  <u>See</u> <u>Am. Airlines, Inc. v. Sheppard, Mullin, Richter & Hamilton</u>, 96 Cal. App. 4th 1017, 1039 (Cal. App. 2002).

The appellants argue that this court should make federal common law to the effect that the attorney-client privilege does not apply "when former joint clients in the invention and patent prosecution process and their successors in interest litigate to determine inventorship and ownership."  That argument is beside the point, because the district court's order disqualifying the appellants was not based on the attorney-client privilege, but rather on a finding that the attorneys induced Higgins to violate his duty of loyalty and confidentiality to a former client.  The attorney-client privilege is relevant in this case only to the question whether Higgins should have been permitted to testify, which as we have stated is not an issue that the appellants have standing to appeal.

In Zador Corp. v. Kwan, 37 Cal. Rptr. 2d 754 (Cal. App. 1995), the California court explained that in the context of litigation between former clients, the propriety of disqualifying an attorney "turns upon the scope of the clients' consent." Id. at 759. In Zador, an attorney had previously represented both Zador and Kwan. The court declined to disqualify the attorney in subsequent litigation between Zador and Kwan, because Kwan had signed a waiver before obtaining the attorney's services. Kwan was advised that if any conflicts arose between Kwan and Zador, the attorney would continue to represent Zador, and Kwan agreed not to seek to disqualify the attorney "notwithstanding any adversity that may develop." Id. at 762-63. The court held that the consent was necessary for the attorney to be permitted to represent Zador. Id. In this case, because there was no such consent we uphold the district court's conclusion that Higgins violated Rule 3-310 (E) of the California Rules of Professional Conduct, and that Beatie & Osborn violated Rule 1-120 by assisting Higgins in doing so.

B

Turning to the question of the appropriateness of the district court's disqualification order, we hold that it was not an abuse of discretion for the district court to disqualify both law firms. As the court noted, Higgins's disclosures were crucial to the disputed issue in the case, and both law firms were deemed to be privy to those disclosures. Moreover, the district court considered the potential hardship to Patriot Scientific and declined to disqualify Patriot's Georgia counsel on that ground. Under the circumstances, we find no abuse of discretion. Cf. Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp., 43 Cal. Rptr. 2d 327, 332 (Cal. App. 1995) ("Where the duty of loyalty applies, it requires a per se, or automatic disqualification, in all but a few instances.").

We therefore uphold the district court's order disqualifying the appellants as Patriot's counsel.