**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS R. ABBE; MARK S. ANNIS; NEAL BROWDER et al.,

          Plaintiffs - Appellants,

  v.

CITY OF SAN DIEGO, CALIFORNIA,

          Defendant - Appellee.

Nos. 09-56437
     09-56444
     10-55087
     10-55089

D.C. Nos. 3:05-cv-01629-DMS-
         RBB
        3:06-cv-00538-DMS-
         RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted June 28, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and BOLTON, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Susan R. Bolton, District Judge for the District of Arizona, sitting by designation.

Marcus Abbe and the other plaintiffs below ("plaintiffs") did not raise a genuine issue of material fact that the law, workplace policy, or nature of a San Diego police officer's work required them to don and doff Class B uniforms and safety equipment on the employer's premises. Therefore, the district court did not err in granting the City summary adjudication on the plaintiffs' claim for overtime compensation for such activity. *See Bamonte v. City of Mesa*, 598 F.3d 1217, 1231 (9th Cir. 2010).

Nor did the district court err in relying on issue preclusion to enter judgment against all remaining plaintiffs after the trial of the eight test plaintiffs. The jury's answers to the interrogatories on the verdict form precluded employer liability for overtime under the FLSA, *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds*, and therefore obviated the need for any further determination on the claims of the non-test plaintiffs; the plaintiffs' agreement to be bound by the liability issues decided at trial established their privity with the test plaintiffs, *see Taylor v. Sturgell*, 553 U.S. 880, 893–94 (2008); and the plaintiffs' prior representations established the identity of the relevant issues. *See In re Reynoso*, 477 F.3d 1117, 1122 (9th Cir. 2007). The district court did not abuse its discretion in invoking judicial estoppel to bar the plaintiffs' claim that they could present materially different evidence of

2

uncompensated work than did the test plaintiffs. *See New Hampshire v. Maine*,

532 U.S. 742, 749–51 (2001); *Estate of Shapiro v. United States*, 634 F.3d 1055,

1057 (9th Cir. 2011).[1]

The plaintiffs waived their claims that the district court erred in entering

summary judgment on the breach of contract cause of action and in denying the

plaintiffs' motion for a new trial by failing to develop those claims on appeal. *See*

*United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). In any event, the

claims are meritless. The district court did not err in determining that the plaintiffs

failed to exhaust the grievance procedures required by the Collective Bargaining

Agreement. *See Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990).

Nor did it abuse its discretion in determining that the jury's verdict was not against

the clear weight of the evidence. *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir.

2010). Finally, the plaintiffs lack standing to challenge the district court's order

that Jackson, DeMarco, Tidus & Peckenpaugh would represent certain plaintiffs

because that order did not affect any party to this appeal. *See Matter of Grand*

*Jury Subpoena Issued to Chesnoff*, 62 F.3d 1144, 1145–46 (9th Cir. 1995). This

claim is therefore dismissed.

---

[1] The district court's application of the City's § 207(k) exemption in its August 19, 2008, ruling is not at issue in this appeal because the district court chose not to enter judgment against any plaintiffs on this basis.

3

**AFFIRMED IN PART AND DISMISSED IN PART.**